(174 App. Div. 914)

BAUER v. BAUER.

(Supreme Court. Appellate Division, Second Department.   July 28, 1916.)

DIVORCE ☞303(2)—CUSTODY OF CHILD—VISITING MOTHER.

> Where a husband secured a divorce from his wife for immoral conduct, and their son, a neurotic child, was rendered depressed, irritable, and disobedient by the strain of the visits to his mother, which his father permitted, and by her telling him not to pay any attention to directions which might be given him by any one other than herself, the wife's motion to modify the final decree of divorce, to grant her leave to see her son at least two hours on a day of each week at her residence, will be denied, though it is proper that she be permitted to see and converse with her child at reasonable intervals, which, for the present, both as to time and place, should be at the husband's discretion.

> [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 795; Dec. Dig. ☞303(2).]

Appeal from Special Term, Kings County.

Suit for divorce by Frederick Bauer against Mildred Friedman Bauer.   From an order modifying the final decree of divorce awarded plaintiff, plaintiff appeals.   Order reversed, and defendant's motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Alexander U. Zinke, of New York City (Reginald F. Isaacs, of New York City, on the brief), for appellant.

Abraham Snydecker, of New York City, for respondent.

RICH, J.   This is an appeal from an order of the Special Term, modifying a final decree of divorce awarded to the plaintiff, by granting leave to the respondent, the defendant, to see Frederick Bauer, Jr., the issue of her marriage with plaintiff, at least two hours on Friday of each and every week, at her residence, to which the plaintiff is directed to send his child on said days.   The final decree of divorce was granted on October 7, 1915, and awarded the absolute custody of the child to the plaintiff.   The appellant permitted the respondent to see the child frequently, and at intervals to pass some days with her and in her custody, until within a few weeks prior to the commencement of this proceeding, when, in consequence of some disagreement as to instructions given to the child by its mother, the plaintiff exercised his right under the decree and terminated the visits of the child to the respondent.

The affidavit of a physician is produced, showing that the child is neurotic, and that in his opinion the depression and irritability and mental strain imposed upon the child by visits to the respondent are harmful.   It is also made to appear, by the affidavit of a lady employed by the appellant to care for the welfare of his child, that he is nervous and cross for some little time immediately following each visit to the respondent, refuses to do what she requests and directs, informing her that his mother told him not to pay any attention to directions that might be given him by any one other than herself.

While I am of the opinion that it is quite proper that the defendant should be permitted to see and converse with her child at reasonable intervals, I believe that for the present the time and place when this may be should be at the discretion of the plaintiff. Too little time has elapsed since the immoral conduct of the respondent in the violation of both her marital and parental obligations and duties to modify the decree. The contention that, the appellant having voluntarily permitted the child to visit the respondent, such right should be confirmed and continued by the court, is without weight, and the order must be reversed, and defendant's motion denied.

Order reversed, and defendant's motion denied, without costs. All concur.